SARAH BAXTER *vs.* CHELSEA MUTUAL FIRE INSURANCE COM
PANY.

The president of a mutual insurance company whose by-laws provide that no policy shall be delivered until after payment of the premium, and whose directors have voted that if premiums are not paid within sixty days from the dates of the policies, the policies shall be considered as cancelled, has no authority to waive these provisions; and such insurance company is not bound by assurances given by him to a mortgagee that a policy has been procured by the owner of the mortgaged property, and made payable to the mortgagee in case of loss; when in fact such policy has not been delivered in consequence of a failure to pay the premium.

CONTRACT. At the trial in this court the plaintiff offered to prove that heretofore the defendants had duly issued to George W. Gerrish a policy of insurance on his brick dwelling-house in Chelsea, which policy, with the consent of the defendants, had been assigned to her as mortgagee; that a short time before the policy expired, the president of the company made an oral agreement with Gerrish to renew it, making it payable in case of loss to the plaintiff as mortgagee; that in pursuance

of this agreement a policy was so made out, dated March 1, 1857, and signed by the proper officers of the company, but never delivered, the premium not having been paid nor a deposit note given; that the president and secretary of the company, several times before the fire, which occurred June 9 1857, requested Gerrish to pay for and receive the policy, to which he replied substantially that he would do so soon, but neither the president nor the secretary ever told him that the policy would be cancelled if he did not do so ; that after the agreement between Gerrish and the president of the company, and before the fire, the plaintiff's agent called upon the president and inquired if the policy had been renewed and made payable to the plaintiff, to which the president replied that the policy was renewed and she was insured, and that she need not give herself any concern about it; that the president then knew that the policy had not been delivered or the premium paid; that by this reply the plaintiff was induced to believe that she was insured, and otherwise would have obtained insurance upon the property in some other company ; that Gerrish had procured many policies of insurance of the defendants, some of which had been delivered to him after the expiration of sixty days from their date, upon the payment of the premium, and in some instances upon giving his note for the premium, and the defendants had never objected so to deliver policies, merely on account of the lapse of time, when no fire had occurred; and that shortly after the fire Gerrish called upon the secretary of the company, asked for the policy, and tendered the premium and deposit note therefor.

Gerrish was one of the directors of the company, and, before the transactions above mentioned, had united with the other directors in passing a vote that the premiums on all policies should be payable within thirty days from the date of the policies, and if not paid within sixty days the policies should be considered as cancelled; but neither the plaintiff nor her agent knew of this vote till after the fire. The following were among the by-laws of the company:

" Art. 20. — Each person, or company, by its agent, upon the execution of his, her or their policy or policies, and before the

same shall be delivered, shall pay such premium, and give such note for deposit, as the president and directors shall, from time to time, determine.

" ART. 22. — These regulations may be altered at any annual meeting, or at any legal meeting of the company called for that purpose, by the vote of the majority of the members present."

No facts as to the fire or proof of loss were in dispute; and *Hoar*, J., ruled that the plaintiff was not entitled to recover, and a verdict was taken for the defendants, subject to be set aside, or judgment to be entered thereon, as the court should order.

*B. F. Brooks & J. D. Ball*, for the plaintiff.

*J. P. Healy & J. P. Converse*, for the defendants.

CHAPMAN, J. All but one of the questions raised here have been decided in the recent case of Brewer against these defendants, 14 Gray, 203. In that case it appeared that Gerrish had taken the same steps towards obtaining insurance that he has done in this case, and they were held to be insufficient. The plaintiff in that case was his mortgagee, to whom the policy was to be made payable in case of loss. It was there held that the president was but a special agent of the company, and could not by his agreements effect insurance on terms forbidden by the by-laws. He had in that case made the same agreement with Gerrish that he did in this case. But the plaintiff proved in the present case that she sent a person to the president to inquire about the matter; and the president, in reply to her agent, represented that Gerrish had obtained the insurance. It is contended that the defendants are estopped to deny the truth of this representation. But the obvious answer to this is, that the president could no more bind the company by his representations beyond the scope of his authority than by his agreements.

It is urged that such a decision will tend to embarrass the business of insurance, because much insurance is necessarily effected by agreements which are to take effect before policies can be made. The answer to this suggestion is, that mutual insurance is essentially different from stock insurance. Much of the litigation that has grown out of this species of insurance has been owing to inattention to this difference. Its original

design was to provide cheap insurance by means of local associations, the members of which should insure each other. Such associations are in their nature adapted only to local business, and great abuses have grown out of the undue extension of their business. They need many by-laws and conditions that are not required in stock companies; and it is necessary and equitable that each person who gets insured in them should become subject to the same obligations towards his associates that he requires from them towards himself. Before he has a right to hold them responsible, he must, of necessity, have his contract completed; and it is important, in this species of insurance, that he should make himself carefully acquainted with its terms. Parties who cannot attend to this should obtain insurance of stock companies, or bear their own risks.

*Judgment on the verdict*